**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

EUGENE LOUIS PERIARD, JR.,

    Defendant - Appellant.

_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

EUGENE LOUIS PERIARD, JR.,

    Defendant - Appellant.

No. 20-6168
(D.C. No. 5:15-CR-00013-HE-1)
(W.D. Okla.)

No. 20-6169
(D.C. No. 5:19-CR-00170-HE-1)
(W.D. Okla.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
_____

Before **PHILLIPS**, **MURPHY**, and **McHUGH**, Circuit Judges.
_____

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Eugene Periard, Jr., a federal inmate, seeks a certificate of appealability (COA) under 28 U.S.C. § 2253(c)(1)(B) to challenge the denials of his 28 U.S.C. § 2255 motions in two federal criminal cases, CR-15-13-HE and CR-19-170-HE.[1] We deny a COA.

## BACKGROUND

In 2013, Periard was convicted in CR-15-13-HE of failing to register as a sex offender, in violation of the Sex Offender Registration and Notification Act (SORNA), 18 U.S.C. § 2250.[2] For this, the United States District Court for the Northern District of New York sentenced him to eight months' imprisonment and five years' supervised release. When the supervised release began, that court transferred jurisdiction over it to the United States District Court for the Western District of Oklahoma.

In July 2016, the Oklahoma district court revoked Periard's initial supervised release, finding that Periard had violated supervised-release conditions. For the violation, the court sentenced him to twenty-four months' imprisonment and lifetime supervised release.

Periard did no better on supervised release the second time. In June 2019, he stipulated to having violated his conditions of supervision by possessing and viewing child pornography. The district court delayed holding a revocation hearing after learning that the government was expected to file charges related to Periard's possession of child pornography. A few days later, the United States filed charges in an Information in

---

[1] For the case numbers, we will use the same convention as the district court.

[2] In 2007, Periard had been convicted in Oklahoma state court of second-degree rape.

CR-19-170-HE, for possession of child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B) and (b)(2). This offense carried a mandatory-minimum sentence of ten years' imprisonment. In exchange for Periard's guilty plea, the government agreed to recommend that the sentence run concurrently with any prison time imposed for the supervised-release violation. At a combined sentencing hearing, the district court sentenced Periard to ten years' imprisonment and lifetime supervised release in the child-pornography case, with the imprisonment to run concurrently with a two-year sentence for violating his supervised-release conditions.

In April 2020, Periard filed identical motions in both cases (CR-15-13-HE and CR-19-170-HE), asking for resentencing based on the Supreme Court's ruling in *United States v. Haymond*, 139 S. Ct. 2369 (2019).[3] The district court notified Periard that it would view the motions as 28 U.S.C. § 2255 motions and gave him an opportunity to withdraw or amend them. Periard elected to proceed with them. In a consolidated order, the district court denied both motions and denied a COA, noting that it had not sentenced Periard under 18 U.S.C. § 3583(k), which is what the Court had declared unconstitutional in *Haymond*. Periard then filed a consolidated Motion for the Court's Reconsideration of the Judgment and a consolidated Motion for Issuance of Certificate of Appealability, both of which the district court denied. Periard appealed in both cases. After the clerk's office consolidated the appeals for briefing, he filed an Appellant's Combined Opening Brief and Application for a Certificate of Appealability.

---

[3] In the Discussion section, we describe *Haymond* in detail.

**DISCUSSION**

The question is whether to grant Periard a COA. This is so because "there can be no appeal from a final order in a § 2255 proceeding unless a circuit justice or judge issues a certificate of appealability." *Welch v. United States*, 136 S. Ct. 1257, 1263 (2016) (citation omitted); *see* 28 U.S.C. § 2253(c)(1)(B) ("Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from . . . the final order in a proceeding under section 2255."). We will grant a COA only if Periard "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make this showing when, as here, a district court has denied a § 2255 motion on the merits, a plaintiff "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Miller-El v. Cockrell*, 537 U.S. 322, 338 (2003) (citation omitted).

Periard argues that his sentences are unconstitutional under *Haymond*. As the district court explained in its well-reasoned decision, *Haymond* addressed the constitutionality of one of the two provisions in 18 U.S.C. § 3583(k).[4] *See Haymond*, 139

---

[4] Section 3583(k) provides:

> (k) Notwithstanding subsection (b), the authorized term of supervised release for any offense under section 1201 involving a minor victim, and for any offense under section 1591, 1594(c), 2241, 2242, 2243, 2244, 2245, 2250, 2251, 2251A, 2252, 2252A, 2260, 2421, 2422, 2423, or 2425, is any term of years not less than 5, or life. If a defendant required to register under the Sex Offender Registration and Notification Act commits any criminal offense under chapter 109A, 110, or 117, or section 1201 or 1591, for which imprisonment for a term longer than 1 year can be imposed, the court shall revoke the term of supervised release and require

4

S. Ct. at 2384–85. The first provision directs that when sentencing a defendant who has committed one of several listed offenses, including violation of SORNA and possession of child pornography, a judge must impose a term of supervised release of between five years and life. 18 U.S.C. § 3583(k). The second provision mandates that if during supervised release, a defendant required to register under SORNA commits an offense from a different list, which also includes possession of child pornography, the judge must revoke the term of supervised release and "impose an additional prison term of at least five years and up to life." *Haymond*, 139 S. Ct. at 2374; *see* 18 U.S.C. § 3583(k). The Court found that this second provision violated the Fifth and Sixth Amendments because it allowed imprisonment beyond the maximum term allowed by the original offense without a jury trial or proof beyond a reasonable doubt. *See Haymond*, 139 S. Ct. at 2374–79.

Periard has not made a substantial showing that *Haymond* establishes that he was denied a constitutional right. As the district court correctly concluded, the supervised-release-revocation sentence (in CR-15-13-HE) is constitutional. Contrary to Periard's beliefs, *Haymond* addresses a provision of § 3583 unrelated to his sentence. If the sentence were issued under § 3583(k), which was at issue in *Haymond*, the sentence would be for five years or more. *See* 18 U.S.C. § 3583(k). The sentence is for less than

---

the defendant to serve a term of imprisonment under subsection (e)(3) without regard to the exception contained therein. Such term shall be not less than 5 years.

18 U.S.C. § 3583(k).

this—twenty-four months. It was ordered under § 3583(e), which is the general provision on revocation of supervised release.[5] In *Haymond*, the Supreme Court did not rule that § 3583(e) was unconstitutional, 139 S. Ct. at 2384 (explicitly clarifying this), and the Court has not done so elsewhere.

The 2019 child-pornography sentence (in CR-19-170-HE) is also constitutional. This sentence has two components: (1) ten years' imprisonment and (2) lifetime supervised release. The first component is constitutional because it was imposed under 18 U.S.C. § 2252A, not under § 3583(k) as Periard suggests. The ten years' imprisonment is the mandatory minimum imprisonment for the child-pornography sentence.

The second component of the child-pornography sentence—lifetime supervised release—is also constitutional. This is true even though the sentence was ordered under § 3583(k). It was imposed under the first provision of § 3583(k), left untouched by *Haymond*. Periard is wrong that *Haymond* "zeroed out" all of § 3583(k) and that § 3583(k)'s provisions are not severable. Several courts have found that the first provision is still constitutional and in effect. *See*, *e.g.*, *Jones v. United States*, No. 2:14-CR-616-TC, 2020 WL 5663390, at *1–2 (D. Utah Sept. 23, 2020), *certificate of*

---

[5] This sentence complies with § 3583(e). *See* 18 U.S.C. § 3583(e)(3) (allowing imprisonment for no "more than 2 years" when the original offense was a class C felony and the supervised-release term authorized for the original offense is over 2 years); § 3583(k) (authorizing lifetime supervised release for SORNA failure-to-register offenses); 18 U.S.C.A. § 2250(a) (permitting a maximum ten years' imprisonment for these offenses); 18 U.S.C. § 3559(a)(3) (defining class C felonies as offenses with maximum imprisonment terms of "less than twenty-five years but ten or more years").

*appealability denied*, No. 2:14-CR-616-TC, 2020 WL 5659381 (D. Utah Sept. 23, 2020);

*United States v. Goodall*, No. 1:16-CR-00010-JAW, 2019 WL 7340133, at *2 (D. Me.

Dec. 30, 2019); *Harmon v. True*, No. 19-CV-00461-SMY, 2019 WL 6615422, at *2

(S.D. Ill. Dec. 5, 2019); *Jividen v. Streeval*, No. CV 19-060-HRW, 2019 WL 3976509,

at *4 (E.D. Ky. Aug. 22, 2019); *cf. United States v. Aguirre*, 776 F. App'x 866, 867 (5th

Cir. 2019) ("[T]he *Haymond* plurality emphasized that its decision was limited to

§ 3583(k) and its mandatory minimum provision."), *cert. denied*, 140 S. Ct. 943 (2020);

*United States v. Austin*, No. 06-CR-991 (JSR), 2020 WL 6735074, at *3 (S.D.N.Y. Nov.

17, 2020) ("[T]he Court held unconstitutional the last two sentences of

18 U.S.C. § 3583(k)[.]"). We have not located a case deciding otherwise. And as the

district court observed, in *Headley v. United States*, 804 F. App'x 973 (10th Cir. 2020),

decided after *Haymond*, we assumed that § 3583(k) authorized up to lifetime supervised

release. *Id.* at 981. Although in *Headley* we did not address *Haymond*, our decision there

still counsels that the first provision of § 3583(k) is valid.[6] *Id.* Thus, Periard has not made

a substantial showing of the denial of a constitutional right and we deny a COA.

---

[6] Moreover, we have concluded, albeit in a non-binding decision, that *Haymond* is not retroactively applicable on collateral review. *See United States v. Salazar*, 784 F. App'x 579, 583–84 (10th Cir. 2019), *cert. denied*, 140 S. Ct. 1232 (2020).

## CONCLUSION

For the foregoing reasons, we deny a COA.

Entered for the Court

Gregory A. Phillips
Circuit Judge